IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV399

| | |
|---|---|
| TORREY S. TELLEFSEN, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>SHERIFF McDIVITT; BURKE COUNTY )<br>SHERIFF'S OFFICE; INSPECTOR )<br>(CAPTAIN) DANIEL; SGT. )<br>LOWDERMILK; OFFICER BELANGER; )<br>CHIEF OF POLICE OF MORGANTON )<br>AND THE MORGANTON POLICE )<br>DEPARTMENT; and THE STATE OF )<br>NORTH CAROLINA, )<br>)<br>Defendants. )<br>) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Plaintiff's complaint and application to proceed *in forma pauperis*, both filed December 20, 2007.[1]

In December 2005, Plaintiff filed a complaint against the same Defendants listed herein and requested that he be allowed to prosecute

---

[1] Another complaint filed this date by the Plaintiff against the United States and the State of North Carolina was dismissed as frivolous pursuant to 28 U.S.C. § 1915 on December 27, 2007.

the action *in forma pauperis*.[2] Because Plaintiff was not indigent at that time, the Court denied his motion to proceed *in forma pauperis*. In that Order, the Court noted that the complaint appeared to be frivolous on its face and the Plaintiff was cautioned against making such filings and advised regarding the possibility of the imposition of sanctions for such continued conduct under Federal Rule of Civil Procedure 11. **See Order, filed January 23, 2006 (*Tellefsen v. Sheriff McDivitt, et al.*, Civil No. 1:05cv391), at 2-3.** The Order further provided:

> [v]iolations of [Rule11] may result in the imposition of sanctions which may take the form of monetary penalties or injunctive relief. The Plaintiff is cautioned to proceed with the filing of this complaint, upon payment of the applicable filing fee, *only if he is able to comply with Rule 11.*

*Id*. at 3 (emphasis added). The Plaintiff never paid the filing fee and the case was subsequently dismissed. **Order of Dismissal, filed February 23, 2006 (*Tellefsen v. Sheriff McDivitt, et al.*, Civil No. 1:05cv391).**

In all pertinent aspects, the allegations of Plaintiff's present complaint are identical to those contained in the December 2005 complaint. Section 1915 provides, in pertinent part, that "the court *shall* dismiss the case at

---

[2] Defendants Chief of Police of Morganton, the Morganton Police Department, and the State of North Carolina were not named in Plaintiff's December 2005 civil action.

any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted[.]" **28 U.S.C. § 1915(e)(2)(B) (emphasis added).** Under this statutory proscription, the district court must dismiss such a case, and it is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. ***Cochran v. Morris***, 73 F.3d 1310, 1315 (4th Cir. 1996); ***White v. White***, 886 F.2d 721 (4th Cir. 1989).

Like the December 2005 complaint, this complaint is frivolous on its face, fails to state any claim upon which relief can be granted, and must be dismissed. Moreover, this complaint is virtually identical to one previously dismissed and is the third complaint seeking relief on the same set of facts that have been determined by this Court to be frivolous and without merit.

The Court will provide the Plaintiff with a final warning regarding violations of Federal Rule of Civil Procedure 11, which provides in pertinent part:

> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

      (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;

      (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** The Court considers the Plaintiff's conduct in filing this matter to be frivolous and done to harass judicial system. *Pro se* litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 Fed. Appx. 918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997).** The Plaintiff is hereby warned that future frivolous filings may result in the imposition of sanctions pursuant to Rule 11 and this Court's inherent powers. Such sanctions may include directives of a non-monetary nature, an order to pay a penalty into court, an order directing payment of reasonable attorneys' fees incurred, and/or an injunction against making any filings within the Western District of North Carolina. ***Vestal v. Clinton*, 106 F.3d 553 (4th Cir. 1997); *Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997); *In re Head*, 19 F.3d 1429 (table), 1994 WL 118464**

(4th Cir. 1994); 28 U.S.C. §1651(a); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).

The Court finds from the application filed herein that Plaintiff is unable to make prepayment of the fees or costs or provide security therefor and the application should be allowed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **ALLOWED**, and he is hereby permitted to file and prosecute this action to its conclusion without the prepayment of either fees or costs and without providing security therefor; and

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) without issuance of process.

Signed: January 8, 2008

Lacy H. Thornburg
United States District Judge